In the Matter of JOSEPH R. McCOY, III, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 14, 1988

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*William F. Hanrahan* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on

March 6, 1974. In this proceeding the Special Referee sustained eight charges of misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm said report.

The first, second, third and fourth charges allege, regarding four different legal matters entrusted to him, that the respondent neglected the duties and obligations imposed upon him as an attorney, *inter alia,* by his failing to communicate with his client, failing to inform his client of the status of a matter, refusing to sign a substitution of attorney, misleading his client, and failing to produce requested files.

The fifth charge of the petition was withdrawn by the petitioner.

The sixth charge of the petition alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the complaints that form the basis of charges one, two and four.

The seventh and eighth charges allege, regarding two different legal matters entrusted to him, that the respondent neglected the duties and obligations imposed upon him as an attorney, *inter alia,* by his failing to perfect an appeal, failing to file mechanics' liens, and failing to institute legal proceedings.

The ninth charge alleged, in essence, that the respondent caused the purported signature of a client to be endorsed to a confession of judgment by a person other than the client and then notarized said signature. Respondent admitted the misconduct but contended he believed that his actions were in the best interest of his client, and that he acted with his client's knowledge and consent.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion to disaffirm said report is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter including the personal problems the respondent was experiencing at the time the misconduct took place.

Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of three years commencing April 15, 1988, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.